**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

ANTHONY D. MULKEY,               :

      Plaintiff,             :

v.                       :     CA 16-00077-KD-C

CAROLYN W. COLVIN,        :
Acting Commissioner of Social Security,

                               :

      Defendant.

## <u>ORDER</u>

This action is before the Court on the Plaintiff's complaint (Doc. 1) and motion to proceed without prepayment of fees (the "IFP Motion") (Doc. 2). The IFP Motion has been referred to the undersigned for pretrial disposition pursuant to 28 U.S.C. § 636(b)(3) and S.D. Ala. GenLR 72.

Authority for granting a plaintiff permission to proceed without prepayment of fees and costs is found at 28 U.S.C. § 1915:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1); *see Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (affirming the application of § 1915's provisions to a non-prisoner's complaint).

"The *in forma pauperis* statute, 28 U.S.C. § 1915, ensures that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612-613 (11th Cir. 1997) (citing *Coppedge v. United States*, 369 U.S. 438, 446 (1962)). The

opportunity to proceed as an indigent in civil cases, created by statute, is not considered a right but a privilege, *Rivera v. Allin*, 144 F.3d 719, 724 (11th Cir.), *cert. dismissed*, 524 U.S. 978 (1998), and "should not be a broad highway into the federal courts[,]" *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Thus, "a trial court has broad discretion in denying an application to proceed *in forma pauperis* under 28 U.S.C.A. § 1915, [but] must not act arbitrarily and it may not deny the application on erroneous grounds." *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (citing *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975)); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306-07 (11th Cir. 2004) ("[A] trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915. . . . However, in denying such applications a court must not act arbitrarily. Nor may it deny the application on erroneous grounds.").

"In order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious." *Boubonis v. Chater*, 957 F.Supp. 1071, 1072 (E.D. Wis. 1997) (citing 28 U.S.C. § 1915(a) & (e)(2)(B)(i)). "While one need not be absolutely destitute to qualify for *in forma pauperis* status, such benefit is allowed only when a movant cannot give such costs and remain able to provide for herself and her dependents." *Mitchell v. Champs Sports*, 42 F.Supp.2d 642, 648 (E.D. Tex. 1998) (citations omitted). "The question under 28 U.S.C. § 1915 is whether the litigant is 'unable to pay' the costs, and the answer has consistently depended in part on [the] litigant's actual ability to get funds from a spouse, a parent, an adult sibling, or other next friend." *Williams v. Spencer*, 455 F.Supp. 205, 209 (D.Md. 1978); *see Fridman v. City of New York*, 195 F.Supp.2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the

applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.' . . . If it appears that an applicant's 'access to [] court has not been blocked by his financial condition; rather [that] he is "merely in the position of having to weigh the financial constraints imposed if he pursues [his position] against the merits of his case,"' then a court properly exercises its discretion to deny the application.").  In *Martinez*, the Eleventh Circuit determined that affidavit statements satisfying the requirement of poverty should be accepted by the trial court "absent a serious misrepresentation, and need not show that the litigant is 'absolutely destitute' to qualify for indigent status under § 1915." 364 F.3d at 1307 (citation omitted); *see also id*. ("Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents.").

Upon a review of the Plaintiff's IFP motion, it is apparent that in the absence of the assistance of his mother, the Plaintiff would be unable to support himself.  (*See* Doc. 2 at 3).  The Court must, therefore, consider the ability of the Plaintiff's mother to pay the filing fee and other related costs without being deprived of the basic necessities of life.  *See Martinez*, 364 F.3d at 1307; *compare id. with, e.g., Williams*, 455 F.Supp. at 209 (under § 1915, the answer to whether a litigant is unable to pay depends "in part on [the] litigant's actual ability to get funds from a spouse, a parent, an adult sibling, or ***other next friend***" (emphasis added)) and *Fridman*, 195 F.Supp.2d at 537 ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or ***other next friend***.'" (emphasis added)); *see also Pisano v. Astrue*, 2012 WL 79188, *2 (D. Mass. Jan. 10, 2012) ("A number of courts have come to the same conclusion that the income and resources

3

of a spouse, if not other close family members as well, are relevant to the determination of indigency under 28 U.S.C. § 1915."); *Helland v. St. Mary's Duluth Clinic Health Sys.*, 2010 WL 502781, *1 n.1 (D. Minn. Feb. 5, 2010) ("Federal Courts, which are charged with evaluating IFP Applications, have consistently considered not only an applicant's personal income, but also his or her other financial resources, including the resources that could be available from the applicant's spouse, or other family members.").

Unfortunately, the instant IFP motion does not reveal that paying the $400 filing fee and other related costs will also deprive the Plaintiff's mother with the basic necessities of life. (*See* Doc. 2, at 1-3). Just because the Plaintiff is unemployed and does not have any real property, vehicles, savings, or other money in a bank account (*see id.* at 2-3), it does not mean that his mother cannot pay the filing fee and other related costs without being deprived of the necessities of life, particularly given that the IFP Motion reveals absolutely no financial debts or obligations owed by the Plaintiff or his mother. (*See id.* at 2-3). Contrarily, the IFP motion provides that the Plaintiff's mother receives $290.00 in food stamp benefits and her ex-husband pays her mortgage payments. (*See id.* at 3). Without additional pertinent information regarding the financial status of the Plaintiff's mother, the undersigned is unable to find that the Plaintiff has established the statutory requirements for being allowed to proceed in this case without the prepayment of the filing fee and other related costs. Accordingly, the Plaintiff is **ORDERED** to amend his motion, on or before **April 18, 2016**, with additional evidence establishing his entitlement to proceed without prepayment of the filing fee and other related costs.

**DONE** and **ORDERED** this the 5th day of April 2016.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**